No. 2193.—MORGAN CRYER *v.* THOMAS DREWRY—FELLOWS, FERGUSON & HERVEY, Garnishees.

Garnishees residing in the city of New Orleans can not be held liable to the attaching creditors for a lot of cotton in their hands, or the proceeds thereof, where the evidence shows that the cotton attached was purchased at sheriff's sale, in the State of Arkansas, before shipment, by one of the garnishees on their own account.

APPEAL from Fourth District Court, parish of Orleans. *Théard*, J. *John H. Halsey*, for plaintiff and appellee. *A. Robert*, curator *ad hoc* for defendant, appellee. *Clarke, Bayne & Renshaw*, for garnishees, appellants.

HOWELL, J. Plaintiff sued the defendant, Drewry, on a note for $1300, dated at Louisville, Ark., on the twenty-fifth of September, 1866, due first of May, 1867, with ten per cent. interest, the payment of which, as alleged, and is indorsed thereon, is secured by mortgage on ten bales of cotton, which defendant, in violation of agreement, shipped to Fellows, Ferguson & Hervey, in New Orleans, who have sold the same and hold the proceeds, and who are made the garnishees. In their answers they deny having any property or funds of the defendant. These answers were traversed, and on the trial thereof,

judgment was rendered against the garnishees for $450, with ten per cent. interest, and they appealed.

The evidence shows that the firm of Drewry & Little raised a crop together, in 1867; that a portion thereof was sold by the sheriff of the county where it was raised, and purchased by C. M. Hervey, one of the garnishees, and shipped to his firm here. It was this cotton, or a part of it, that was attached in this suit. The defendant, therefore, was not the owner of it. Some effort was made to prove that the firm of Fellows, Ferguson & Hervey agreed to hold the surplus of its proceeds, after paying their claim against Litle, of the firm of Drewry & Little, for the benefit of plaintiff on his claim against Drewry; but what was said on this subject was too vague and conditional to create an obligation on their part, or to make the supposed surplus the property of Drewry.

It is therefore ordered that the judgment appealed from be reversed, and that there be judgment in favor of the garnishees, Fellows, Ferguson & Hervey, with costs in both cases.

Rehearing refused.